*** Filed ***
04:05 PM, 05 Jul, 2026
U.S.D.C., Eastern District of New York

PUBLIC FILING

RECEIVED
7/6/2026
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GILBERT R. GEIGEL,
Plaintiff,

-against- No. CV 26 2677

KOMITEE, J.

TISCIONE, M.J.

SUFFOLK COUNTY,
c/o County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

OFFICER JOSEPH ESPOSITO, individually and in his official capacity,
c/o Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

RECEIVED
MAY 05 2026
EDNY PRO SE OFFICE

OFFICER GEORGE TRIMILGLOZZI, individually and in his official capacity,
c/o Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
and/or Suffolk County Jail
100 Center Drive
Riverhead, New York 11901

Defendants.

-----------------------------------------------------------------X

COMPLAINT
(Jury Trial Demanded)

---

INTRODUCTION

1. This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourteenth Amendment, including denial of equal protection through intentional selective non-enforcement of the law.

2. Defendants, acting under color of state law, failed and refused to investigate or enforce the law despite clear notice and specific information identifying responsible individuals, while similarly situated complaints are routinely investigated and acted upon. See *West v. Atkins*, 487 U.S. 42 (1988); *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).

---

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District because the events giving rise to these claims occurred in Suffolk County, New York.

---

## PARTIES

5. Plaintiff Gilbert R. Geigel is a resident of Suffolk County, New York. Plaintiff's residential address is on file with the Court and maintained as confidential pursuant to Court order.

6. Defendant Suffolk County is a municipal entity responsible for the policies, practices, training, supervision, and discipline of its police officers.

7. Defendant Joseph Esposito was, at all relevant times, a police officer acting under color of state law within the scope of his employment.

8. Defendant George Trimilglozzi was, at all relevant times, a police officer acting under color of state law within the scope of his employment and is believed to be presently incarcerated at Suffolk County Jail, Riverhead, New York.

---

## FACTUAL ALLEGATIONS

### September 7, 2024

9. On or about September 7, 2024, Plaintiff reported destruction of property and theft at his residence.

10. At the time of the incident, Plaintiff was the sole occupant of the residence and the direct victim of the reported destruction of property and theft. Plaintiff personally reported the incident to law enforcement.

11. Defendant Esposito responded but remained in his patrol vehicle and failed to exit to inspect the reported damage.

12. Defendant Esposito prepared a report limited to certain stolen electronic items while omitting additional reported property damage and defacement of religious icons.

13. Defendant Esposito failed to photograph the scene, collect physical evidence, canvass for witnesses, or take steps to identify or pursue suspects.

14. No meaningful investigation or enforcement action followed.

15. Defendants' failure to take even minimal investigative steps constituted a departure from standard police practices routinely followed in comparable cases.

---

**September 17, 2024**

16. On or about September 17, 2024, Defendant Trimilglozzi responded to Plaintiff's residence and took photographs.

17. No investigative report was generated following this visit.

18. Defendant Trimilglozzi failed to interview witnesses, collect evidence, or initiate enforcement action.

19. Plaintiff provided Defendants with specific information identifying one or more individuals responsible, including information sufficient to initiate an investigation or interview such individuals.

20. Despite identified suspects and available evidence, Defendants failed and refused to take any investigative or enforcement action.

21. Upon information and belief, Defendant Trimilglozzi had a prior association with at least one identified individual.

22. Defendants' refusal to act was intentional, not the result of mistake, negligence, or oversight.

23. There was no legitimate law enforcement basis for Defendants' refusal to investigate or take enforcement action in Plaintiff's case.

---

## SELECTIVE NON-ENFORCEMENT (EQUAL PROTECTION)

24. Upon information and belief, Suffolk County police officers routinely investigate complaints of property damage and theft involving identified suspects, including interviewing such individuals, collecting evidence, and initiating enforcement action, including where the reporting party is the sole witness.

25. In Plaintiff's case, despite being the direct victim and reporting party and despite identified individuals and available evidence, Defendants refused to take comparable investigative or enforcement steps.

26. Plaintiff was treated differently from similarly situated complainants whose reports involve identified suspects and are routinely investigated and acted upon.

27. Defendants' conduct constitutes intentional selective non-enforcement in violation of the Equal Protection Clause. See *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).

---

## CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Fourteenth Amendment)

28. Defendants, acting under color of state law, intentionally refused to investigate or enforce the law despite identified suspects and available evidence.

29. Plaintiff was treated differently from similarly situated individuals whose complaints are routinely investigated and acted upon.

30. Defendants' conduct violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

---

## MUNICIPAL LIABILITY (MONELL)

31. Defendant Suffolk County is liable under 42 U.S.C. § 1983 where a constitutional violation results from a policy, custom, or practice. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

32. Suffolk County maintains a policy, custom, or practice of failing to investigate certain complaints despite identified suspects and available evidence.

33. This custom is evidenced by the conduct of Defendants in this case.

34. Upon information and belief, Suffolk County has been made aware, through prior complaints and Internal Affairs matters, of failures by officers to adequately investigate reported criminal conduct, yet has failed to implement corrective training, supervision, or discipline.

35. Plaintiff provided formal notice to Suffolk County through a Notice of Claim and an Internal Affairs complaint.

36. Despite receipt of the Notice of Claim, Suffolk County failed to conduct a hearing pursuant to New York General Municipal Law § 50-h, and failed to initiate any meaningful investigation, corrective action, or findings.

37. Plaintiff's Internal Affairs complaint likewise did not result in any meaningful investigation or corrective action.

38. Despite such notice, Suffolk County failed to take corrective action.

39. The County's failure to act after notice constitutes deliberate indifference to constitutional rights. See *City of Canton v. Harris*, 489 U.S. 378 (1989).

40. Upon information and belief, such failures are recurring and systemic, not isolated. See *Connick v. Thompson*, 563 U.S. 51 (2011).

41. These policies, customs, and failures were the moving force behind Plaintiff's injuries. See *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

---

**DAMAGES**

42. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered substantial financial loss, including destruction of property, defacement of religious icons, and theft of personal belongings.

43. Plaintiff has suffered emotional distress, including anxiety, humiliation, stress, and ongoing mental anguish. See *Carey v. Piphus*, 435 U.S. 247 (1978).

44. Plaintiff has suffered psychological harm, including fear for personal safety, loss of a sense of security in his home, and ongoing distress.

45. Plaintiff has suffered reputational harm, including damage to his standing in the community and stigma arising from Defendants' refusal to act.

46. Plaintiff continues to suffer ongoing damages, including emotional distress, psychological harm, reputational injury, and economic loss.

47. Defendants' actions were willful and taken with reckless disregard for Plaintiff's constitutional rights, entitling Plaintiff to punitive damages against the individual defendants. See *Smith v. Wade*, 461 U.S. 30 (1983).

48. Plaintiff is entitled to compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(a) Compensatory damages in the amount of $5,000,000;
(b) Punitive damages against the individual defendants in the amount of $5,000,000;
(c) Attorneys' fees pursuant to 42 U.S.C. § 1988;
(d) Such other and further relief as the Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands trial by jury.

---

Dated: 5 May 2026

Respectfully submitted,

Gilbert R. Geigel
Plaintiff, Pro Se
Address: Address on file with the Court (confidential)

---