# COUNTY OF SUFFOLK

**EDWARD P. ROMAINE**
**COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**
**COUNTY ATTORNEY**

**DEPARTMENT OF LAW**

October 9, 2026

Hon. Eric R. Komitee, U.S.D.J.
United States District Court—EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

RE: Geigel v. Suffolk County, et al.
Docket No. 26-cv-2677 (EK)(ST)

Dear Judge Komitee:

The Suffolk County Attorney's Office represents Defendant Suffolk County in the above-referenced civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff is proceeding *pro se*. As can be gleaned from a review of the Process Receipt and Return filed by the U.S. Marshals Service (USMS) in this matter on September 30, 2026 [DE 14], all three defendants in this case (the County and Suffolk County Police Officers George Trimigliozzi (s/h/a "George Trimilglozzi") and Joseph Esposito) were purportedly personally served with the summons and complaint in this matter on September 18, 2026 at 100 Veterans Memorial Highway, Hauppauge, New York via service on an individual named "Kim Novia-Clerk" on the 6th floor of said location. *See* DE 14. The undersigned notes that the 6th floor of 100 Veterans Memorial Highway, Hauppauge, New York is one of the locations of the Suffolk County Attorney's Office and Kim Novia is an employee of this office. As the Court is aware, this Office cannot legally accept service of summonses and complaints or any other process for individuals. We are only legally permitted to accept service for the County as a municipality. Thus, the only defendant who has legally been served with the aforementioned summons and complaint to date is Suffolk County.

Pursuant to Rule III.B of the Court's Individual Rules and Practices in Civil Cases, the County respectfully submits this letter request for a pre-motion conference to move to dismiss the complaint (DE 1 as modified by DE 7) against it for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).

Plaintiff's complaint appears to arise from his alleged interactions with the defendant police officers on September 7 and 17, 2024. In it, he attempts to plead a 14th Amendment Equal Protection claim for what he calls "selective non-enforcement" for a failure to investigate an alleged crime/ crimes and a municipal liability (*Monell*) claim against the County arising therefrom.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face"'. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at *Id.* "[W]here the well-pleaded facts do not permit the court to infer *more than the mere possibility of misconduct*, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief."' *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added). In considering Defendant's motion, the Court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

Applying these standards to the instant matter, the allegations in the complaint amount to, at best, nothing more than a "threadbare recital [] of the elements of a cause of action," and legal conclusions unsupported by well-pleaded facts that "are not entitled to the assumption of truth." *Id.*, 129 S. Ct. at 1949-50 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). They plead no cause of action against the officers (who, as noted, have not yet been served) or the County as a municipality. As the named Defendant Police Officers have not yet been served, the County limits this request for a pre-motion conference to move to dismiss to solely Defendant Suffolk County at this time, nevertheless noting the deficiencies in the complaint as to the officers, as well.

It is well-settled that to prevail on a claim against a municipal defendant, a plaintiff must as a prerequisite establish an underlying constitutional violation on the part of individual municipal actors. If the plaintiff has not suffered a constitutional violation there can be no liability against the municipality. *Monell v. Depart. of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978); *Collins v. City of Harker Heights*, 503 U.S. 115 (1992); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 132 (2d Cir.1997). As to the named officers, Plaintiff fails to state any claim upon which relief may be granted. However, this prong of *Monell* liability is not the only reason the complaint against the County must be dismissed.

It is well-settled law that in order to recover against a municipality pursuant to §1983, a plaintiff must demonstrate facts that one of its customs and/or policies caused the subject constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). The complaint filed by Plaintiff cannot reasonably be interpreted to include allegations concerning a Suffolk County municipal policy or custom which deprived Plaintiff of his constitutional rights. The complaint is void of any facts sufficient to establish that a custom and/or policy of the County caused a violation of Plaintiffs' constitutional rights under §1983. Thus, Plaintiff's §1983 claim against the County must be dismissed.

The Second Circuit has stated that a "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, the problem here "is substantive; better

pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "[R]epleading would thus be futile" and therefore should be denied. *Id.*

Based on the foregoing, Defendant Suffolk County respectfully requests a pre-motion conference to move to dismiss the complaint against it pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

We thank the Court for its attention to this matter.

Respectfully submitted,

Christopher J. Clayton
County Attorney
/s/ Stacy A. Skorupa
By: Stacy A. Skorupa
Assistant County Attorney

cc: Gilbert R. Geigel
Plaintiff *pro se*
MPBob423MP@gmail.com
(By e-mail only as Plaintiff has no mailing address on file)